**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARCUS JOHNSON, ABRAHAM CHIU, CRYSTAL ALLEN, ANESSA GRAY, ZHICHENG ZHEN, AND KAREN ELIZABETH SIGURDSON, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE ALLSTATE CORPORATION,

Defendant.

Case No. 1:26-cv-2016

Judge Joan H. Lefkow

Magistrate Judge Jeannice W. Appenteng

# DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

Defendant, The Allstate Corporation ("Allstate"), by and through its undersigned attorneys, respectfully moves this Court to enter an Order dismissing Plaintiffs' Consolidated Class Action Complaint (the "Complaint") in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In support of its Motion, Allstate submits the accompanying Memorandum of Law, and states as follows:

1. Plaintiffs' Complaint must be dismissed in its entirety because Plaintiffs allege no concrete injury and therefore lack Article III standing.

2. Plaintiffs' Federal Wiretap Act claims (Counts I and II) must be dismissed because Allstate was the intended recipient of the purported communications and therefore cannot be liable for "intercepting" them. Additionally, Count II must be dismissed because a website is not an "electronic communication service."

3. Plaintiffs' claim under the Illinois Eavesdropping Statute (Count III) must be dismissed because Plaintiffs have not alleged any oral communications were transmitted or recorded and Plaintiffs have not alleged liability under each of the provisions of the Illinois Eavesdropping Statute.

4. Plaintiffs' claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV) must be dismissed because Plaintiffs have not satisfied the heightened pleading standard and fail to plead actual damages as required to maintain a claim.

5. Plaintiffs' claims under the California Invasion of Privacy Act (Counts V-VII) must be dismissed because, among several reasons, Allstate was a party to the communications it received on its own website, the basic information Plaintiffs allegedly entered is not information a reasonable consumer would expect to remain private when seeking insurance through the internet, and internet tracking tools like cookies do not fit the definition of a "pen register" or a "trap and trace" device.

6. Plaintiffs' claim under the California Unfair Competition Law (Count VIII) must be dismissed because Plaintiffs have not alleged that they have standing based on a loss of money or property.

7. Plaintiffs' claim for breach of contract (Count IX) must be dismissed because Plaintiffs have not alleged consideration, any purported contract is illusory, and Plaintiffs have not alleged actual damages.

**WHEREFORE**, Allstate hereby respectfully requests that this Court enter an Order dismissing Plaintiffs' Consolidated Class Action Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Dated: May 26, 2026

Respectfully submitted,

**THE ALLSTATE CORPORATION**,

Defendant.

By: */s/ Matthew R. Barrett*
One of Its Attorneys

Jeffrey H. Fisher (*pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street NE Suite 2800
Atlanta, GA 30309
Telephone: (404)-685-6772
jfisher@ktslaw.com

Evan S. Nadel (*pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
3 Times Square
New York, NY 10036
Telephone: (212)-775-8862
enadel@ktslaw.com

Matthew R. Barrett
Nikita J. Desai
**KILPATRICK TOWNSEND & STOCKTON LLP**
500 W. Madison, Suite 3700 Chicago, IL 60661
Telephone: (312)-606-3200
mbarrett@ktslaw.com
ndesai@ktslaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2026, he caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

*/s/ Matthew R. Barrett*
Matthew R. Barrett