**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARCUS JOHNSON, ABRAHAM CHIU, CRYSTAL ALLEN, ANESSA GRAY, ZHICHENG ZHEN, AND KAREN ELIZABETH SIGURDSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALLSTATE CORPORATION,<br><br>Defendant. | Case No. 1:26-cv-2016<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Jeannice W. Appenteng |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

## TABLE OF CONTENTS


**INTRODUCTION** ........ 1

**ARGUMENT** ........ 2

I. Plaintiffs Lack Article III Standing ........ 2

II. Plaintiffs Fail to State a Claim for Unauthorized Interception in Violation of the Federal Wiretap Act. ........ 5

III. Plaintiffs Fail to State a Claim Under the California Invasion of Privacy Act. ........ 7

- A. Plaintiffs' Claim Under Cal. Pen. Code § 631(a) Fails. ........ 7
- B. Plaintiffs' Claim Under Cal. Pen. Code § 632 Fails. ........ 9
- C. Plaintiffs' Claim Under Cal. Pen. Code § 638.51 Fails. ........ 10

IV. Plaintiffs Fail to State a Claim Under the California Unfair Competition Law. ........ 12

V. Plaintiffs Fail to State a Claim Under the Illinois Consumer Fraud and Deceptive Business Practices Act. ........ 13

VI. Plaintiffs Fail to State a Claim for Breach of Contract. ........ 14

**CONCLUSION** ........ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allison v. PHH Mortg.*,
No. 25-cv-05323-RFL, 2026 WL 899438, at *11 (N.D. Cal. Mar. 27, 2026)...........................6

*In re Allstate & Arity Consumer Priv. Litig.*,
No. 25 CV 407, 2026 WL 594708 (N.D. Ill. Mar. 3, 2026) .............................................4, 5, 6

*In re Anthem, Inc. Data Breach Litig.*,
No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016) .........................12, 13

*In re Apple Data Priv. Litig.*,
824 F. Supp. 3d 888 (N.D. Cal. 2026) ..................................................................................9, 10

*Benson v. Fannie May Confections Brands, Inc.*,
944 F.3d 639 (7th Cir. 2019) ......................................................................................................14

*Blaker v. NetScout Systems, Inc.*,
No. 25STCV31283, 2026 WL 1709143 (Cal. Super. May 27, 2026) ....................................10

*Boogaard v. Nat'l Hockey League*,
891 F.3d 289 (7th Cir. 2018) ........................................................................................................7

*Branham v. TrueAccord Corp.*,
No. 22-CV-00531, 2023 WL 2664010 (N.D. Ill. Mar. 28, 2023).............................................4

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) ......................................................................................13

*Bunnell v. Mot. Picture Ass'n of Am.*,
567 F. Supp. 2d 1148 (C.D. Cal. 2007) .......................................................................................8

*Busse v. Motorola, Inc.*,
351 Ill. App. 3d 67 (1st Dist. 2004) ..............................................................................................2

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021) ......................................................................................13

*Castillo v. Seagate Tech., LLC*,
No. 16-cv-01958-RS, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016)....................................15

*Cooper v. Mount Sinai Health Sys., Inc.*,
742 F. Supp. 3d 369, 380 (S.D.N.Y. 2024)..................................................................................6

*Corbin v. Allstate Corp.*,
2019 IL App (5th) 170296 ....................5, 12

*D'Antonio v. Smith & Wesson Inc.,*
820 F. Supp. 3d 928 (N.D. Cal. 2026) ....................14, 15

*Doe v. Deaconess Ill. Union Cnty. Hosp., Inc.*,
No. 3:24-CV-02284-NJR, 2025 WL 2771415 (S.D. Ill. Sept. 29, 2025) ....................6, 15

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ....................9

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) ....................12

*In re Experian Data Breach Litig.*,
No. SACV 15-1592, 2016 WL 7973595 (C.D. Cal. Dec. 29, 2016) ....................15

*In re Facebook Priv. Litig.*,
572 F. App'x 494 (9th Cir. 2014) ....................13, 15

*Garcia v. Blackhawk Network, Inc.*,
No. 2:25-cv-07550-JLS-SSC, 2026 WL 925028 (C.D. Cal. Apr. 1, 2026)....................2, 3, 4

*Griffith v. TikTok, Inc.*,
697 F. Supp. 3d 963 (C.D. Cal. 2023) ....................13

*Hannant v. Culbertson*,
No. 4:24-cv-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025)....................5, 6, 14

*Hartley v. Univ. of Chi. Med. Ctr.*,
No. 22 CV 5891, 2025 WL 2802317 (N.D. Ill. Oct. 1, 2025) ....................6

*Heiting v. Taro Pharmaceuticals USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) ....................9

*In Aqua Dots Prods. Liab. Litig.*,
654 F.3d 748, 751 (7th Cir. 2011) ....................5

*Jackson v. Loews Hotels, Inc.*,
No. ED CV 18-827-DMG, 2019 WL 6721637 (C.D. Cal. July 24, 2019) ....................12

*Jarrell v. Adena Health Sys.*,
No. 2:24-cv-00282, 2025 WL 81305, at *3 (S.D. Ohio Jan. 13, 2025)....................6

*Jones v. Skullcandy, Inc.*,
No. 25-CV-1759 JLS (BLM), 2026 WL 699819 (S.D. Cal. Mar. 12, 2026)....................8, 10

*Kane v. Univ. of Rochester*,
No. 23-CV-6027-FPG, 2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024)....6

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023)....6, 7

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025)....4

*Kirsten v. Cal. Pizza Kitchen, Inc.*,
No. 2:21-CV-09578-DOC-KES, 2022 WL 16894503 (C.D. Cal. July 29, 2022)....15

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-cv-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025)....11

*Klein v. Facebook, Inc.*,
580 F. Supp. 3d 743 (N.D. Cal. 2022)....15

*Kurowski v. Rush Sys. for Health*,
No. 22 C 5380, 2024 WL 3455020 (N.D. Ill. July 18, 2024)....7

*Mayer v. Midwest Physician Admin. Servs., LLC*,
No. 23-cv-3132, 2025 WL 963779 (N.D. Ill. Mar. 31, 2025)....7

*McDonald v. Kiloo ApS*,
385 F. Supp. 3d 1022 (N.D. Cal. 2019)....3

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)....8

*In re Meta Pixel Tax Filing Cases*,
793 F. Supp. 3d 1147 (N.D. Cal. 2025)....11

*Nguyen v. Abbott Lab'ys, Inc.*,
No. 24 CV 8289, 2026 WL 579206 (N.D. Ill. Mar. 2, 2026)....8

*Noel v. Hall*,
568 F.3d 743 (9th Cir. 2009)....8

*Podraza v. Nourish, Inc.*,
No. 25-cv-50356, 2026 WL 1078554 (N.D. Ill. Apr. 20, 2026)....7

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025)....4

*Pruchnicki v. Envision Healthcare Corp.*,
845 F. App'x 613 (9th Cir. 2021)....12

*Revitch v. New Moosejaw, LLC*,
No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ....................................... 8

*Rivera v. Am. Honda Motor Co., Inc.*,
No. 24 CV 12883, 2025 WL 1309536 (N.D. Ill. May 5, 2025)................................................ 5

*Rodriguez v. ByteDance, Inc.*,
No. 23 CV 4953, 2025 WL 672951 (N.D. Ill. Mar. 3, 2025) .................................................. 4

*Saleh v. Nike, Inc.*,
562 F. Supp. 3d 503 (C.D. Cal. 2021) ..................................................................................... 8

*Sanchez v. Cars.com Inc.*,
No. 24STCV13201, 2025 WL 487194 (Cal. Super. Jan. 27, 2025) ................................. 10, 11

*Semien v. PubMatic Inc.*,
No. 25-cv-03164-SI, 2026 WL 216333 (N.D. Cal. Jan. 27, 2026)........................................... 8

*Shah v. MyFitnessPal, Inc.*,
824 F. Supp. 3d 906 (N.D. Cal. 2026) ..................................................................................... 3

*Smith v. Rack Room Shoes, Inc.*,
No. 24-cv-06709-RFL, 2025 WL 2210002 (N.D. Cal. Aug. 4, 2025) ............................... 6, 10

*Sussman v. Am. Broad. Cos., Inc.*,
186 F.3d 1200 (9th Cir. 1999) .................................................................................................. 5

*Swiatek v. CVS Pharmacy, Inc.*,
No. 23-cv-01523, 2024 WL 1328801 (N.D. Ill. Mar. 28, 2024) ............................................ 14

*Thakkar v. Ocwen Loan Servicing, LLC*,
No. 15 CV 10109, 2019 WL 2161544 (N.D. Ill. May 17, 2019)............................................. 3

*Thomas v. Walmart Inc.*,
720 F. Supp. 3d 650 (N.D. Ill. 2024) ...................................................................................... 14

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)................................................................................................................... 2

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) ..................................................................................... 8

*Wiley v. Universal Music Group, Inc.*,
826 F. Supp. 1121 (N.D. Cal. 2025) ..................................................................................... 3, 4

*Wittmeyer v. Heartland All. for Hum. Needs & Rts.*,
No. 23 CV 1108, 2024 WL 182211 (N.D. Ill. Jan. 17, 2024)................................................ 15

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) .......... 13

**Statutes**

815 ILCS 530/5 .......... 13

815 ILCS 530/45 .......... 13

Cal. Penal Code § 631(a) .......... 7, 8, 9

Cal. Penal Code § 632 .......... 9

Cal. Penal Code § 638.50(c) .......... 11

Cal. Penal Code § 638.51 .......... 10, 11, 12

Cal. Penal Code § 638.52 .......... 11

**Rules & Regulations**

Fed. R. Civ. P. 9(b) .......... 14

**Other Authorities**

Assem. Bill 929 .......... 10

## INTRODUCTION

Plaintiffs' premise is incorrect: internet privacy is not an "endangered species." Although there are statutes that regulate online tracking, they do not provide the private right of action or mandatory civil penalties that Plaintiffs desire. Instead, Plaintiffs try to fit the round peg of cookie tracking into the square hole of statutes designed for different privacy concerns—wiretapping, pen registers, eavesdropping, and unfair competition. But none of the state and federal statutes Plaintiffs rely on explicitly addresses cookie tracking, and Plaintiffs cite no Seventh Circuit authority applying these statutes to cookie tracking. The Court should not strain to find a private cause of action that no legislature has seen fit to create. Plaintiffs' Response confirms the point by abandoning their claims against Allstate[1] for unauthorized divulgence under the Federal Wiretap Act and for violation of the Illinois Eavesdropping Statute.

Plaintiffs' decision to proceed under laws with statutory penalties also underscores a fundamental defect: Plaintiffs do not allege any concrete harm sufficient to establish Article III standing. Instead, they repeatedly misrepresent the limited and basic information they shared with Allstate as "sensitive" and "financial" information, while alleging no facts showing any Plaintiff suffered a real-world injury. Plaintiffs further concede that Allstate was a party to the communications, which largely precludes liability under the Federal Wiretap Act and CIPA. And they fail to establish actionable damages, making only speculative allegations "on information and belief" that each Plaintiff opted out of cookie tracking and that their data was disclosed to third parties. Compl. ¶¶ 79, 84, 89, 94. Because each of Plaintiffs' claims fails, the Court should dismiss the Complaint with prejudice.

---

[1] Defendant notes that the named Defendant, The Allstate Corporation ("AllCorp"), is not the proper defendant. Plaintiffs' claims relate entirely to their alleged use of Allstate.com, which AllCorp does not own or maintain.

## ARGUMENT

### I. Plaintiffs Lack Article III Standing.

Article III standing requires a concrete injury. If plaintiffs allege intangible harms, those harms must have "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). Plaintiffs contend they have standing based on purported disclosure of: identifiers tied to the visitor (i.e., IP address or cookies), their names, zip code, which assets they own, assets they seek to insure, insurance products searched for, and whether they own or rent their home. Resp. at 7. Because disclosing this information does not constitute an injury with a close relationship to harms typically providing the basis for a lawsuit, Plaintiffs lack standing.

Plaintiffs contend that disclosing the limited information they allegedly shared with Allstate is analogous to the privacy torts of "public disclosure of private facts" and "privacy intrusion." Resp. at 6. But these torts require (1) disclosure of private facts (2) that is highly offensive to a reasonable person. *See* Mot. at 5. Courts have repeatedly found that disclosing publicly available information like that allegedly shared here is not "highly offensive" and fails to establish standing. *See* Mot. at 5–6; *see also Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 72–73 (1st Dist. 2004) (distinguishing public information from "intimate personal facts" that are "facially revealing, compromising or embarrassing").

Plaintiffs' cases do not suggest otherwise. In one of the two cases Plaintiffs cite, *Garcia v. Blackhawk Network, Inc.*, No. 2:25-cv-07550-JLS-SSC, 2026 WL 925028, at *5 (C.D. Cal. Apr. 1, 2026), the court dismissed the wiretapping claim for lack of standing because the plaintiff had not pled a concrete injury—the information collected, including browsing history, demographic information, shopping behavior, device information, user identifiers, and geolocation data, was

not "especially sensitive" data like "health or financial information." In *Thakkar v. Ocwen Loan Servicing, LLC*, No. 15 CV 10109, 2019 WL 2161544, at *13 (N.D. Ill. May 17, 2019), the court found standing based on alleged disclosure of information related to the plaintiff's "financial or medical life," including credit card statements, bank statements, and medical records. Because Plaintiffs do not plead disclosure of any sensitive financial or medical information, their claims fail for lack of standing.

Plaintiffs' other cases involve far more extreme circumstances. In *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1035 (N.D. Cal. 2019), the defendant's gaming apps embedded tracking codes that identified and tracked minors and showed them targeted advertisements. In *Shah v. MyFitnessPal, Inc.*, 824 F. Supp. 3d 906 (N.D. Cal. 2026), the court emphasized that the disclosed information related to "personal topics" like nutrition and fitness tracking—an especially "sensitive sphere" constituting "embarrassing, invasive, or otherwise private information." *Id.* at 914 (citation omitted); *see also Garcia*, 2026 WL 925028, at *5 (distinguishing *Shah* because the collected information came from a "sensitive sphere" (citation omitted)).

Citing *Wiley v. Universal Music Group, Inc.*, 826 F. Supp. 1121, 1137 (N.D. Cal. 2025), Plaintiffs claim that Allstate's "deceit" in purportedly using tracking technologies despite providing customers with an option to reject trackers is a "plus factor" in determining whether an action is highly offensive. Resp. at 6. But in *Wiley*, the court found that the defendant's alleged misrepresentations about tracking *coupled with* allegations that a far broader set of data was collected and disseminated—including "browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data"—was sufficient to state plaintiff's privacy tort claims. *Id.* at 1131. Like *Wiley*, *Garcia* involved

allegations that the defendant placed third party cookies on "users' devices even when they selected the 'required-only' cookie option." *Garcia*, 2026 WL 925028, at *1. The *Garcia* court "[did] not find the reasoning [in *Wiley*] persuasive," explaining that the "misrepresentation goes only to the first element: whether there was an intrusion into a private place." *Id.* at *5. An alleged misrepresentation only establishes a disclosure of private facts; whether that disclosure is "enough to meet the highly offensive bar" depends on the nature of the data at issue. *Id.* Because Plaintiffs do not allege that Allstate collected or disclosed sensitive information, they cannot establish Article III standing.

While Plaintiffs argue that the Court "need not" decide at this stage whether disclosing publicly available information is "highly offensive," courts have routinely granted motions to dismiss for lack of Article III standing under similar circumstances. *See, e.g.*, *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1179–80, 1182 (N.D. Cal. 2025); *Popa v. Microsoft Corp.*, 153 F.4th 784, 786, 791 (9th Cir. 2025); *Branham v. TrueAccord Corp.*, No. 22-CV-00531, 2023 WL 2664010, at *6 (N.D. Ill. Mar. 28, 2023). Plaintiffs' cited cases involved motions to dismiss claims for common law privacy torts—not standing arguments.[2]

Plaintiffs also contend they have pled disclosure of "asset information, financial information and location data," which are more sensitive than the information addressed in *Khamooshi* and *Popa*. Resp. at 8. But Plaintiffs do not allege collection of their "financial information" like bank statements or credit card data—only their names, zip code and state, the fact that they were seeking insurance, whether they owned a car, ownership or rental of a home, pages viewed, and IP address and cookies. *See* Compl. ¶¶ 84, 94, 103, 111, 121, 130. This

[2] Resp. at 7 (citing *Rodriguez v. ByteDance, Inc.*, No. 23 CV 4953, 2025 WL 672951, at *11 (N.D. Ill. Mar. 3, 2025); *In re Allstate & Arity Consumer Priv. Litig.*, No. 25 CV 407, 2026 WL 594708, at *16 (N.D. Ill. Mar. 3, 2026).

information is neither sensitive nor remotely financial. The Court can find without discovery that Allstate's alleged disclosure of basic information that most Americans routinely share on the internet (and that companies like Google and Meta certainly already know) is not "highly offensive." The Court should dismiss Plaintiffs' claims for lack of subject matter jurisdiction.[3]

## II. Plaintiffs Fail to State a Claim for Unauthorized Interception in Violation of the Federal Wiretap Act.

Plaintiffs do not dispute that their Wiretap Act claims fail because Allstate was the intended recipient of the communications and cannot "intercept" communications to which it was a party. Instead, they rely on the crime-tort exception, which turns on whether "the purpose for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broad. Cos., Inc.*, 186 F.3d 1200, 1202–03 (9th Cir. 1999) (citation omitted). "[W]here the purpose is not illegal or tortious, but the means are, the victims must seek redress elsewhere." *Id.*

Plaintiffs do not identify Allstate's alleged tortious or criminal purpose. The closest they come is suggesting (without citing any allegations in their Complaint) that Allstate "consciously desire[d] to make unauthorized disclosures of Plaintiffs' sensitive data." Resp. at 11. Thus, Plaintiffs' sole contention is that the crime-tort exception applies because Allstate purportedly disclosed the data to third parties. But as Plaintiffs' authority recognizes, the crime-tort exception requires "a criminal or tortious act that is ***independent*** from the intentional interception." *In re Allstate*, 2026 WL 594708, at *11 (emphasis added) (collecting authority).

[3] Citing two products liability cases, Plaintiffs argue they have standing because they overpaid for insurance due to Defendant's purported disclosures. *See In Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 751 (7th Cir. 2011); *Rivera v. Am. Honda Motor Co., Inc.*, No. 24 CV 12883, 2025 WL 1309536, at *3 (N.D. Ill. May 5, 2025). But "the Seventh Circuit has repeatedly declined to expand this theory of standing beyond the product-liability context." *Hannant v. Culbertson*, No. 4:24-cv-04164-SLD-RLH, 2025 WL 2413894, at *8 (C.D. Ill. Aug. 20, 2025). Plaintiffs' theory as applied here also fails because "Illinois law requires insurers to charge rates in accordance with the rates filed with the Department." *Corbin v. Allstate Corp.*, 2019 IL App (5th) 170296, ¶ 18.

Plaintiffs deceptively claim that courts in "dozens of consumer cases" have found the crime-tort exception applies "when plaintiffs allege a defendant tracked them without consent." Resp. at 9–10. But those cases involved a tort or crime ***independent*** from mere disclosure and use of the data. *See, e.g.*, *Hannant*, 2026 WL 777296, at *6 (alleged HIPAA violation); *In re Allstate*, 2026 WL 594708, at *11 (alleged Federal Credit Reporting Act claim).[4]

Plaintiffs cite no authority holding that merely *disclosing* data to third parties constitutes a crime or tort independent from the interception. In *Smith v. Rack Room Shoes, Inc.*, No. 24-cv-06709-RFL, 2025 WL 2210002, at *5 (N.D. Cal. Aug. 4, 2025), the court found the defendant's disclosure ***and use*** of personally identifiable information constituted a tortious purpose independent from the interception itself because Rack Room allegedly played an "active role in the act of intercepting" by deploying customized software code permitting Rack Room to *use* the intercepted communications to run its own targeted advertisements. *Id.* at *2, *5. Because Plaintiffs do not allege that Allstate committed any tort independent from intercepting data, the crime-tort exception does not apply.

The crime-tort exception also does not apply because the Complaint alleges that Allstate's only motivation was financial, and a solely financial motivation is insufficient. *See Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023). Plaintiffs claim it "defies common sense that a clearly harmful act could escape liability as long as it was done for profit." Resp. at

[4] *See also Jarrell v. Adena Health Sys.*, No. 2:24-cv-00282, 2025 WL 81305, at *3 (S.D. Ohio Jan. 13, 2025) (Ohio breach of confidence tort); *Allison v. PHH Mortg.*, No. 25-cv-05323-RFL, 2026 WL 899438, at *11 (N.D. Cal. Mar. 27, 2026) (California invasion of privacy tort for sharing financial information); *Hartley v. Univ. of Chi. Med. Ctr.*, No. 22 CV 5891, 2025 WL 2802317, at *9 (N.D. Ill. Oct. 1, 2025) (HIPPA violation); *Doe v. Deaconess Ill. Union Cnty. Hosp., Inc.*, No. 3:24-CV-02284-NJR, 2025 WL 2771415, at *10 (S.D. Ill. Sept. 29, 2025) (same); *Cooper v. Mount Sinai Health Sys.*, Inc., 742 F. Supp. 3d 369, 380 (S.D.N.Y. 2024) (same); *Kane v. Univ. of Rochester*, No. 23-CV-6027-FPG, 2024 WL 1178340, at *7 (W.D.N.Y. Mar. 19, 2024) (same).

10 (quoting *Kurowski v. Rush Sys. for Health*, No. 22 C 5380, 2024 WL 3455020, at *5 (N.D. Ill. July 18, 2024)). But Plaintiffs misunderstand the argument. Plaintiffs have failed to plead that Allstate's purpose was to commit any tort or crime; they allege that Allstate's *sole* purpose was to make money. *See* Compl. ¶ 3 (profiting through serving targeted advertising), ¶ 11 ("Defendant sold out its customers' and website users' trust for a simple reason: money"). In each case Plaintiffs cite, the court found a purpose to commit a crime or tort apart from the motivation to make money.[5]

While the crime-tort exception does not require that the *exclusive* purpose was tortious or criminal, it does require Plaintiffs to plead sufficient facts showing that "the ***primary motivation*** or a determining factor in the interceptor's actions has been to injure plaintiffs tortiously." *Katz-Lacabe*, 668 F. Supp. 3d at 945 (emphasis added) (citation omitted). Plaintiffs fail to allege that Allstate's purpose was to commit a tort or crime independent of the alleged interception—much less that any tort or crime was the primary motivation for Allstate's alleged actions. Because Allstate was the intended recipient of the communications and the crime-tort exception does not apply, Plaintiffs' Federal Wiretap Act claim should be dismissed.[6]

## III. Plaintiffs Fail to State a Claim Under the California Invasion of Privacy Act.

### A. Plaintiffs' Claim Under Cal. Pen. Code § 631(a) Fails.

Plaintiffs argue for liability under only the fourth clause of Section 631(a), aiding and abetting a third party. Resp. at 12–13. The fourth clause, however, requires adequate allegations

---

[5] *See Podraza v. Nourish, Inc.*, No. 25-cv-50356, 2026 WL 1078554, at *6 (N.D. Ill. Apr. 20, 2026) (HIPAA violation); *Kurowski*, 2024 WL 3455020, at *2 (same); *Mayer v. Midwest Physician Admin. Servs., LLC*, No. 23-cv-3132, 2025 WL 963779, at *3 (N.D. Ill. Mar. 31, 2025) (same).

[6] Plaintiffs do not respond to Defendant's arguments for dismissal of their claims for unauthorized divulgence under the Federal Wiretap Act (Count II) and for violation of the Illinois Eavesdropping Statute (Count III), and thus those claims are abandoned and should be dismissed. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018).

of underlying predicate violations by the third parties. *Nguyen v. Abbott Lab'ys, Inc.*, No. 24 CV 8289, 2026 WL 579206, at *6 (N.D. Ill. Mar. 2, 2026). Because Plaintiffs fail to allege that the third parties committed a violation of Section 631(a)'s first, second, or third clause, their Section 631(a) claim fails.

Plaintiffs contend that third parties violated the second and third clauses. But these clauses apply only if third parties read a communication ***while it is in transit***. *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 756 (N.D. Cal. 2023). Even brief storage removes a communication from "in transit" status. *See Bunnell v. Mot. Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1152 (C.D. Cal. 2007). Plaintiffs point only to conclusory allegations that third parties intercepted the communications—allegations that fail to establish *when* the alleged interception occurred. *See* Compl. ¶¶ 62–64. In fact, Plaintiffs' allegations support that Allstate's domain stored the data *first* before any third parties could have "intercepted" it. *See id.* ¶ 63(c) (alleging information sent to Adobe via "smetrics.allstate.com").

Plaintiffs' cases include specific timing allegations missing here. In *Jones v. Skullcandy, Inc.*, No. 25-CV-1759 JLS (BLM), 2026 WL 699819, at *17 (S.D. Cal. Mar. 12, 2026), the plaintiff alleged that trackers caused "Plaintiff's browsing activity and text input on the Website to be transmitted to Defendant and third parties ***simultaneously***." (emphasis added); *see also Semien v. PubMatic Inc.*, No. 25-cv-03164-SI, 2026 WL 216333, at *8 (N.D. Cal. Jan. 27, 2026) ("the complaint alleges that PubMatic's 'interceptions' occurred while users communicated with websites through their browsing activities").[7] Plaintiffs' reliance on *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019), also fails because

[7] Plaintiffs also cite *Noel v. Hall*, 568 F.3d 743, 749 (9th Cir. 2009), *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 795 (N.D. Cal. 2022), and *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 521 (C.D. Cal. 2021), but none of these cases address the "in transit" requirement for third parties.

the court found the third party's interception happened "while the signal was already in transit from [plaintiff's] device."

Liability under the fourth clause of CIPA requires that third parties read communications while they are in transit, which Plaintiffs do not allege. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1119 (N.D. Cal. 2025). Any ambiguity as to whether the alleged third parties intercepted Plaintiffs' communications "in transit" should be resolved in Allstate's favor because CIPA is a criminal statute, and courts must apply the rule of lenity to narrowly construe ambiguous language—particularly because "the language of CIPA is a total mess" and "ill-suited for application to internet communications." *Id.* at 1112, 1118–19.[8]

Because Plaintiffs' allegations fail to establish that the third parties intercepted any communications while they were in transit, their Section 631(a) claim fails.

### B. Plaintiffs' Claim Under Cal. Pen. Code § 632 Fails.

Plaintiffs' claim under Section 632 for eavesdropping fails because Plaintiffs had no reasonable expectation that the basic information they shared on Allstate's website would remain unshared or unrecorded. Courts presume that internet communications like those at issue here do not give rise to a reasonable expectation of privacy. *In re Apple Data Priv. Litig.*, 824 F. Supp. 3d 888, 898–99 (N.D. Cal. 2026). Plaintiffs argue that, because they allegedly opted out of some cookies through Allstate's cookie banner, they believed Allstate would not share their information. Resp. at 16. But subjective expectations regarding the privacy of data are insufficient to establish a reasonable expectation that communications will remain private. *In re Apple Data Priv. Litig.*, 824 F. Supp. 3d at 898–99. In *In re Apple Data Privacy Litigation*, the court found the plaintiffs'

---

[8] *See also Heiting v. Taro Pharmaceuticals USA, Inc.*, 728 F. Supp. 3d 1112, 1126 (C.D. Cal. 2024) (insufficient to allege that a code implanted on defendant's website "intercepts the inquiries that consumers believe are being sent directly to Taro and diverts them to genesys.com").

expectation that their data would not be shared because they turned off the "share device analytics" setting was unreasonable because "[n]o reasonable consumer would expect to engage in a transaction with Apple without some data being collected from Apple to process that transaction." *Id.* (alteration in original) (citation omitted).

So too here. Upon visiting the website, Plaintiffs learned through Allstate's cookie banner that Allstate collects information and has third-party advertisers that collect information. Compl. ¶ 46. Any subjective belief by Plaintiffs that their information was confidential and would not be collected (contrary to this disclosure) would be unreasonable—a reasonable consumer would expect that basic, limited information shared over the internet to apply for insurance would not remain private. Plaintiffs' cited cases are distinguishable because they involved significantly more intrusive data that would raise a reasonable expectation of privacy.[9]

### C. Plaintiffs' Claim Under Cal. Pen. Code § 638.51 Fails.

Plaintiffs' claim under Section 638.51 fails because Allstate's alleged cookies and tracking technologies are not a "pen register." Allstate cited recent decisions examining Section 638.51's legislative history that hold such technologies do not constitute "pen registers." *See* Mot. at 20–21; *see also Blaker v. NetScout Systems, Inc.*, No. 25STCV31283, 2026 WL 1709143, at *4 (Cal. Super. May 27, 2026). Plaintiffs dismiss these cases as "outliers" but fail to engage with their reasoning. As *Sanchez v. Cars.com Inc.* explained, the legislative history suggests that Section 638.51 only applies to telephone-tracking technology and not internet communications, because the legislature enacted Assembly Bill 929 (the genesis of Section 638.51) to create a framework

[9] *See Jones*, 2026 WL 699819, at *18 (detailed browsing history, purchasing patterns, and demographic and psychographic profiles); *Rack Room Shoes, Inc.*, 2025 WL 1085169, at *3 ("detailed information about the items Plaintiffs browsed and purchased" paired with "either Plaintiffs' phone number, email, and home address or with their Facebook ID").

for how law enforcement could use pen registers and, in doing so, adopted the same provisions courts have relied upon under the federal Pen Register Act to find that such Act only applies to telephone-tracking technology. No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Jan. 27, 2025). In construing ambiguous statutes, the court's "fundamental task is to ascertain legislative intent" and, because this is a construction of a criminal statue, "the defendant must be given the benefit of every reasonable doubt as to whether the statute applies to him." *Id.* The Court should give weight to Allstate's cited decisions, as well as Section 638.51's legislative history, and find that the tracking technologies alleged here do not constitute "pen registers" as the legislature intended.

Plaintiffs' Section 638.52 claim is also incompatible with its Wiretap Act claim because "[b]y definition, a 'trap and trace device' captures identifying information ***about*** a communication '***but not the contents*** of a communication.'" *Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-cv-01473-NW, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025) (quoting Cal. Pen. Code § 638.50(c)). Plaintiffs allege that Allstate intercepted the contents of a communication for their Wiretap Act claim and therefore cannot also state a claim for violation of Section 638.52. *See id.* at *5. Plaintiffs contend that their Section 638.52 claim is not incompatible with their Federal Wiretap Act claim because Section 638.52 permits pleading collection of both non-content and content information. Resp. at 18. But Plaintiffs rely almost exclusively on *In re Meta Pixel Tax Filing Cases*, 793 F. Supp. 3d 1147, 1153 (N.D. Cal. 2025), where the court acknowledged that Section 638.52 is ambiguous and elected to construe the statute to allow the plaintiff to maintain claims under Section 638.52 and the Federal Wiretap Act. This Court should instead follow the weight of authority Allstate cites and the express text of Section 638.50(c) rather than Plaintiffs'

scant cases, and find that, because Plaintiffs plead both content and non-content information, their theories are mutually exclusive and the Section 638.51 claim should be dismissed.

**IV. Plaintiffs Fail to State a Claim Under the California Unfair Competition Law.**

Because Plaintiffs cannot demonstrate any loss of money or property, their UCL claims fail. Plaintiffs claim they have satisfied this requirement based on: (1) diminution of value of their information, (2) loss of benefit of the bargain, and (3) providing "valuable data" and receiving no money in return. First, diminution of the value of information is insufficient for standing under the UCL. *See Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1089 (N.D. Cal. 2023) ("Courts in this district have dismissed [UCL] cases where, like here, the injury is based on 'the loss of the inherent value of their personal data'" (citation omitted)). Plaintiffs offer no contrary authority.

Second, Plaintiffs' claim that they lost the benefit of the bargain fails because Plaintiffs have not alleged *how* they could have bargained for a lower cost of insurance given that "Illinois law requires insurers to charge rates in accordance with the rates filed with the Department [of Insurance]." *Corbin v. Allstate Corp.*, 2019 IL App (5th) 170296, ¶ 19. Plaintiffs' reliance on *In re Anthem, Inc. Data Breach Litigation*, 162 F. Supp. 3d 953, 995 (N.D. Cal. 2016), is unavailing because there the court found loss of benefit of the bargain sufficient based on the plaintiffs' allegation that some portion of plaintiffs' plan premiums went towards data security and the breach denied them the benefit of that bargain. No such allegation exists here.

Third, Plaintiffs cannot establish standing based on allegations that they provided "valuable data" and received no money in return. *See Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) ("the 'mere misappropriation of personal information' does not establish compensable damages"); *Jackson v. Loews Hotels, Inc.*, No. ED CV 18-827-DMG (JCx), 2019 WL 6721637, at *4 (C.D. Cal. July 24, 2019) ("Courts in this circuit have held that 'theft' or

'unauthorized release of personal information' does not qualify as lost money or property for purposes of determining standing under the UCL."). General allegations that personal information may be monetized—like the studies and reports cited in the Complaint—are insufficient without allegations that Plaintiffs could have sold or ever attempted to sell their data or that the purported disclosure somehow impeded their ability to sell their data. *See Griffith v. TikTok, Inc.*, 697 F. Supp. 3d 963, 977 (C.D. Cal. 2023). Plaintiffs ignore *Griffith*, and instead cite to inapplicable cases.[10]

## V. Plaintiffs Fail to State a Claim Under the Illinois Consumer Fraud and Deceptive Business Practices Act.

Plaintiffs' CFDPA claim fails because a violation of the Illinois Personal Information Protection Act ("IPIPA") requires disclosure of names ***along with*** social security number, driver's license or identification card number, or account numbers. Mot. at 14–15 (citing 815 ILCS 530/45 and 815 ILCS 530/5). Plaintiffs have not alleged disclosure of those sensitive numbers. Indeed, rather than citing their Complaint, Plaintiffs provide a link to Allstate's website listing documents applicants may need to provide to obtain an insurance quote. Resp. at 22. But Plaintiffs have not alleged they disclosed their social security numbers, driver's license numbers, or account numbers when they visited Allstate's website. The Court should disregard Plaintiffs' attempt to use materials outside of the Complaint.

---

[10] *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 613 (N.D. Cal. 2021) (valuable information like browsing history alleged); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 942 (N.D. Cal. 2023) (sufficiently alleging a market for plaintiffs' data); *In re Facebook Priv. Litig.*, 572 F. App'x 494 (9th Cir. 2014) (alleged loss of sales value of data); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *13 (N.D. Cal. Aug. 30, 2017) (not addressing disclosure of data for UCL standing); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783, at *15 (N.D. Cal. May 27, 2016) (alleged that the disclosed data is sold on the black market).

Plaintiffs have also failed to satisfy the heightened pleading standard under Rule 9(b) because they have not pled *when* the alleged deceptive act occurred. *See Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). Plaintiffs contend that they have met the heightened pleading standard because they adequately pled the "when" by alleging the events occurred "at the relevant times." Resp. at 22. This is ludicrously vague and insufficient to meet the Rule 9(b) standard, which warrants dismissal.

Finally, Plaintiffs fail to allege actual monetary damages as required to state a claim under the CFDPA. Plaintiffs rely only on their allegations of diminution of value of their information and that had they known their information would be disclosed, they would not have entered into a transaction with Allstate. Courts have consistently found such allegations insufficient. *See Hannant*, 2025 WL 2413894, at *9 (allegations of diminution of value and that plaintiff would not have purchased defendant's healthcare are not valid theories of damages); *Benson*, 944 F.3d at 648 (allegations that plaintiff would not have purchased the product insufficient).[11] Plaintiffs' CFDPA claim should be dismissed because they fail to plead any actual damages.

## VI. Plaintiffs Fail to State a Claim for Breach of Contract.

Plaintiffs' breach of contract claim fails for lack of consideration. Plaintiffs plead only a one-way promise on the part of Allstate not to disclose Plaintiffs' information, without alleging any benefit to Allstate. In a similar case, *D'Antonio v. Smith & Wesson Inc.*, the plaintiffs brought a claim for breach of implied contract based on the defendant's cookie banner which offered them

---

[11] Plaintiffs do not address *Hannant*, and only cite to *Swiatek v. CVS Pharmacy, Inc.*, No. 23-cv-01523, 2024 WL 1328801, at *6 (N.D. Ill. Mar. 28, 2024), which goes against Plaintiff's case because the court found plaintiff's conclusory allegations that he would not have purchased the product or paid as much insufficient to establish actual damages. *Id.* Plaintiffs also claim that the Court should determine economic injury after the pleading stage, but their cited case, *Thomas v. Walmart Inc.*, 720 F. Supp. 3d 650, 665 (N.D. Ill. 2024), is inapplicable as the defendant there raised a factual dispute as to the extent of damages.

the opportunity to opt-out from cookies. 820 F. Supp. 3d 928, 939 (N.D. Cal. 2026). The court dismissed the claim because selecting a preference on a website is not a bargained-for exchange. *Id.*[12] Plaintiffs do not address Allstate's argument regarding the lack of consideration, claiming only that "Plaintiffs allege consideration because Defendant promised to keep users' Private Information secure and protected." Resp. at 24. But as any first-year law student knows, a one-way promise is insufficient to form consideration. *See* Mot. at 23–24.

Plaintiffs also fail to allege actual damages. *See* Mot. at 24. Plaintiffs only point to the alleged loss of value of the purportedly disclosed information. Resp. at 24. Plaintiffs cite to a case outside of this Circuit, *In re Facebook Privacy Litigation*, 572 F. App'x 494 (9th Cir. 2014), which contains no discussion as to what the plaintiffs there pled and simply held that losing the sales value of personal information was sufficient to establish damages.[13] Courts in this district have found such speculative injury insufficient. *Doe*, 2025 WL 2771415, at *4; *Wittmeyer v. Heartland All. for Hum. Needs & Rts.*, No. 23 CV 1108, 2024 WL 182211, at *6 (N.D. Ill. Jan. 17, 2024). Because Plaintiffs fail to allege consideration and actual damages, their breach of contract claim fails.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice.

---

[12] The cases cited by Plaintiffs do not apply to website visitors. *See Kirsten v. Cal. Pizza Kitchen, Inc.*, No. 2:21-CV-09578-DOC-KES, 2022 WL 16894503, at *5 (C.D. Cal. July 29, 2022) (finding consideration where plaintiffs provided personal information to defendant as a condition of obtaining a job and provided defendant with labor); *Castillo v. Seagate Tech., LLC*, No. 16-cv-01958-RS, 2016 WL 9280242, at *9 (N.D. Cal. Sept. 14, 2016) (finding consideration where defendant promised to protect employees' data and received employees' labor in return).

[13] Plaintiffs' other cases do not address actual damages for a breach of contract claim. *See In re Experian Data Breach Litig.*, No. SACV 15-1592 AG (DFMx), 2016 WL 7973595, at *5 (C.D. Cal. Dec. 29, 2016) (damages for negligence claim); *Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 804 (N.D. Cal. 2022) (damages for causal antitrust injury).

Dated: July 15, 2026

Respectfully submitted,

**THE ALLSTATE CORPORATION**,

Defendant.

By: */s/ Matthew R. Barrett*
One of Its Attorneys

Jeffrey H. Fisher (*pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street NE Suite 2800
Atlanta, GA 30309
Telephone: (404)-685-6772
jfisher@ktslaw.com

Evan S. Nadel (*pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
3 Times Square
New York, NY 10036
Telephone: (212)-775-8862
enadel@ktslaw.com

Matthew R. Barrett
Nikita J. Desai
**KILPATRICK TOWNSEND & STOCKTON LLP**
500 W. Madison, Suite 3700
Chicago, IL 60661
Telephone: (312)-606-3200
mbarrett@ktslaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 15, 2026, he caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

*/s/ Matthew R. Barrett*
Matthew R. Barrett